TIMOTHY W. MEYER and :
MELISSA C. MEYER :
                Plaintiff, :
                 :    CASE NO.1:22-CV-00237
vs. :
                 :
ZACHARY LLOYD, LUKE SIMON, :
THE CITY OF CHATTANOOGA, and :
WALMART, INC :
                 :
           Defendants. :

## ANSWER OF DEFENDANTS CITY OF CHATTANOOGA, OFFICER LUKE SIMON, AND OFFICER ZACHARY LLOYD

Come now the Defendants, City of Chattanooga, Tennessee ("the City"), Zachary Lloyd, and Luke Simon, in their official capacities as employees of the City and in their individual capacities (collectively "City Defendants") by and through counsel, and for answer to the Complaint filed against them by Plaintiffs, Timothy W. Meyer and Melissa C. Meyer ("the Plaintiffs"), state as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against any of the Defendants upon which relief can be granted.

### SECOND DEFENSE

In answer to the specific allegations of the Complaint, the Defendants respond as follows:

1.      The allegations in Paragraph 1 do not require a response from City Defendants. To the extent that a response is required, City Defendants admit that the Plaintiff is an individual, but they are without sufficient information or knowledge to admit or deny the remaining allegations.

Case 1:22-cv-00237-TAV-CHS   Document 8   Filed 09/23/22   Page 1 of 28   PageID #: 41

2.     The allegations in Paragraph 2 do not require a response from City Defendants. To the extent that a response is required, City Defendants admit that the Plaintiff is an individual, but they are without sufficient information or knowledge to admit or deny the remaining allegations.

3.     The City Defendants admit the allegations in Paragraph 3.

4.     The City Defendants admit the allegations in Paragraph 4.

5.     The City Defendants admit the allegations in Paragraph 5.

6.     With respect to the allegations in Paragraph 6, the allegations are directed toward Walmart, Inc, and not directed to City Defendants; therefore, no response is required by the City Defendants.

7.     City Defendants admit that this Court has subject matter jurisdiction over all federal claims and pendant state law claims set forth in the Complaint pursuant to 28 U.S.C. §§ 1331 and 1441.

8.     City Defendants admit the allegations in Paragraph 8 of the Complaint.

9.     City Defendants admit the allegations in Paragraph 9 of the Complaint.

10.    City Defendants admit the allegations in Paragraph 10 of the Complaint.

11.    With respect to the allegations in Paragraph 11, the allegations are directed toward Walmart, Inc, and not directed to City Defendants; therefore, no response is required by the City Defendants.

12.    City Defendants admit, in part, and deny, in part the allegations contained in Paragraph 12 of the Complaint.  City Defendants would state that venue is proper in this Honorable Court and would admit that the alleged actions in Plaintiffs' Complaint occurred in Hamilton County, Tennessee.  However, to the extent that Paragraph 12 infers or implies wrongdoing on the part of the City Defendants, the same is denied and strict proof is herein demanded.

## FACTUAL BACKGROUND

13.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint.

25.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint, as such the same is denied and strict proof is demanded herein.

26.     City Defendants admit that they received information that Plaintiff Timothy Meyer saw Ms. Janabi in the store, but City Defendants would state that they did not observe the meeting between Plaintiff Timothy Meyer and Ms. Janabi.

27.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint, as such the same is denied and strict proof is demanded herein.

28.     City Defendants are without sufficient information to admit or deny the  allegations contained in Paragraph 28 of the Complaint, as such the same is denied and strict proof is demanded herein.

29.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 29 of the Complaint.

30.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 31 of the Complaint.

32.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 32 of the Complaint.

33.	City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34.	City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 34 of the Complaint.

35.	 City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 35 of the Complaint.

36.	City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 36 of the Complaint.

37.	City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 37 of the Complaint.

38.	City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 38 of the Complaint.

39.	City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 39 of the Complaint.

40.	City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 40 of the Complaint.

41.	City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 41 of the Complaint.

42.	City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 42 of the Complaint.

43.	 City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 43 of the Complaint.

44.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 44 of the Complaint.

45.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 45 of the Complaint.

46.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 46 of the Complaint.

47.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 47 of the Complaint.

48.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 48 of the Complaint.

49.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 49 of the Complaint.

50.     City Defendants admit, in part, and deny in part the allegations contained in Paragraph 50 of the Complaint.  More specifically, City Defendants admit that there is no employee by the name of Daniel Timms with the City of Chattanooga Police Department.  City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 50, as such the same is denied.

51.     City Defendants deny the allegations in Paragraph 51 of the Complaint and demands strict proof herein.

52.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 52 of the Complaint.

53.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 53 of the Complaint.

54.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Complaint.

55.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 55 of the Complaint.

56.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 56 of the Complaint.

57.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 57 of the Complaint.

58.     City Defendants admit, in part, and deny, in part, the allegations contained in Paragraph 58 of the Complaint.  More specifically, City Defendants admit that Plaintiff Meyer returned to the Walmart on Signal Mountain Road.  However, City Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 58 and demands strict proof thereof.

59.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 59 of the Complaint.

60.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 60 of the Complaint.

61.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 61 of the Complaint.

62.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 62 of the Complaint.

63.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 63 of the Complaint.

64.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 64 of the Complaint.

65.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 65 of the Complaint.

66.     City Defendants admit the allegations in Paragraph 66 of the Complaint.

67.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 67 of the Complaint.

68.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 68 of the Complaint.

69.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 69 of the Complaint.

70.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 70 of the Complaint.

71.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 71 of the Complaint.

72.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 72 of the Complaint.

73.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 73 of the Complaint.

74.     City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 74 of the Complaint.

75.     City Defendants are without sufficient information  to admit or deny the allegations in Paragraph 75 of the Complaint.

76.     City Defendants admit, in party, and deny, in part the allegations in Paragraph 76 of the Complaint.  More specifically, City Defendants would admit that Officers Zachary Lloyd, Luke Simon and Braeden Long were at the Walmart located on Signal Mountain Road.  However, City Defendants would state that the officers were not called to the scene.  Instead, they were at the store for an unrelated reason when they were called over by Walmart staff.  Further, City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 76, as such, the same is denied.

77.     City Defendants deny that Walmart representatives called the police and strict proof is demanded herein.  Further, City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 77 of the Complaint and strict proof is herein demanded.

78.     City Defendants admit, in part, and deny in part, the allegations in Paragraph 78 of the Complaint.  More specifically, City Defendants admit that the officers asked Plaintiff Timothy Meyer what the problem was, but are without sufficient information to admit or deny that a "threatening call" even occurred.  As such, City Defendants deny the same and demand strict proof herein.

79.     City Defendants admit, in part, and deny, in part the allegations contained in Paragraph 79 of the Complaint.  More specifically, City Defendants admit that the officer indicated that they were not aware of Deputy Timms.  However, City Defendants are without sufficient information to admit or deny anything about the "threatening call."   As such, the same is denied and strict proof is herein demanded.

80.     City Defendants admit the averments contained in Paragraph 80 of the Complaint.

81.     City Defendants admit, in part, and denies, in part, the allegations contained in Paragraph 81 of the Complaint. More specifically, City Defendants admit that Plaintiff Timothy

Meyer admitted to leaving and then returning to the store. He also mentioned that he was "filing a report" with the Hamilton County Sheriff's Office. City Defendants are without sufficient information to admit or deny what Plaintiff Timothy Meyer's beliefs were.

82. City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 82 of the Complaint.

83. City Defendants admit, in part, and deny, in part the allegations contained in Paragraph 83 of the Complaint. City Defendants admit that the officers instructed Plaintiff Timothy Meyer to follow them to the asset protection office. However, City Defendants deny that the Officers told Plaintiff Meyer that they needed to verify his address, and strict proof is herein demanded.

84. City Defendants, admit, in part, and deny, in part, the allegations contained in Paragraph 84 of the Complaint. City Defendants admit that the officers, along with Plaintiff Meyer were in the asset protection office. However, City Defendants deny that any of the officers were aggressive towards Plaintiff Timothy Meyer, and strict proof is herein demanded.

85. City Defendants admit the allegations contained in Paragraph 85.

86. City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 86 of the Complaint.

87. City Defendants admit the allegations contained in Paragraph 87 of the Complaint.

88. City Defendants deny the allegations contained in Paragraph 88 of the Complaint and strict proof is herein demanded.

89. City Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. City Defendants admit the allegations contained in Paragraph 90.

91.     City Defendants are without sufficient information to admit or deny the allegations regarding Plaintiff Timothy Meyer's belief as described in Paragraph 91 of the Complaint. As such the same is denied and strict proof is demanded herein.   The remainder of the allegations in Paragraph 91 is denied and strict proof is demanded herein.

92.     City Defendants deny the allegations contained in Paragraph 92 and strict proof is herein demanded.

93.     City Defendants admit the allegations contained in Paragraph 93 of the Complaint.

94.     City Defendants deny the allegations contained in Paragraph 94 of the Complaint, and strict proof is herein demanded.

95.     City Defendants deny the allegations contained in Paragraph 95 of the Complaint and strict proof is demanded herein.

96.     City Defendants deny the allegations contained in Paragraph 96 of the Complaint and strict proof is demanded herein.

97.     City Defendants admit, in part, and deny, in part, the allegations contained in Paragraph 97 of the Complaint.  More specifically, City Defendants admit that there was a physical altercation.  However, City Defendants deny all other allegations contained in Paragraph 97 of the Complaint and strict proof is herein demanded.

98.     City Defendants deny the allegations in Paragraph 98 of the Complaint as stated, and strict proof is herein demanded.  Plaintiff Timothy Meyer did not state that he would sign the papers until after he was placed under arrest by the officers.

99.     City Defendants deny the allegations in Paragraph 99 of the Complaint and strict proof is demanded herein.

100. City Defendants deny the allegations in Paragraph 100 as stated, and strict proof is demanded herein. City Defendants would state that officers had to physically struggle with to Plaintiff Timothy Meyer in order to get him in custody pursuant to his arrest in compliance with the officers' orders.

101. City Defendants deny the allegations as stated in Paragraph 101 of the Complaint and strict proof is herein demanded.

102. City Defendants deny the allegations as stated in Paragraph 102 of the Complaint and strict proof is herein demanded. City Defendants would state that officers did not discover Mr. Meyer's alleged heart condition until after he was apprehended and handcuffed.

103. City Defendants deny the allegations contained in Paragraph 103 of the Complaint and strict proof is herein demanded.

104. City Defendants deny the allegations contained in Paragraph 104 of the Complaint and strict proof is herein demanded.

105. City Defendants deny the allegations as stated in Paragraph 105 of the Complaint and strict proof is herein demanded. City Defendants would state that Officers Lloyd and Simon were the officers that placed Plaintiff Timothy Meyer in custody following his arrest. Another officer assisted officers Lloyd and Simon in getting Plaintiff Meyer in custody.

106. City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 106 of the Complaint.

107. City Defendants admit, in part, and deny, in part, the allegations contained in Paragraph 107 of the Complaint. City Defendants admit that Plaintiff Timothy Meyer was tased four (4) times, and was assisted to his feet by Officer Lloyd. However, City Defendants are without

sufficient information to admit or deny the remaining allegations in Paragraph 107, as such the same is denied and strict proof is herein demanded.

108. City Defendants admit, in part, and deny, in part, the allegations contained in Paragraph 108 of the Complaint. City Defendants admit that Plaintiff Timothy Meyer stumbled, but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 108, as such, the same is denied and strict proof is demanded herein.

109. City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 109 of the Complaint. As such, the same is denied and strict proof is demanded herein.

110. City Defendants deny the allegations as stated in Paragraph 110 of the Complaint and strict proof is herein demanded. City Defendants would state that Plaintiff Timothy Meyer was not compliant with orders to spread his feet by the officers.

111. City Defendants are without sufficient information to admit or deny the allegations in Paragraph 111 of the Complaint and strict proof is demanded herein.

112. City Defendants deny the allegations in Paragraph 112 and strict proof is herein demanded.

113. City Defendants admit the allegations contained in Paragraph 113 of the Complaint.

114. City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 114 of the Complaint, as such the same is denied and strict proof is demanded herein.

115. City Defendants admit, in part, and deny, in part, the allegations contained in Paragraph 115 of the Complaint. More specifically, City Defendants admit that the paramedics arrived. However, City Defendants are without sufficient information to admit or deny the

remaining allegations in Paragraph 115, as such, the same is denied and strict proof is demanded herein.

116. City Defendants admit the allegations of Paragraph 116 of the Complaint.

117. City Defendants admit the allegations of Paragraph 117 of the Complaint.

118. City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph118. As such the same is denied and strict proof is demanded herein.

119. City Defendants deny the allegations contained in Paragraph 119 and strict proof is demanded herein.

COUNT 1- VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

120. With respect to the allegations in Paragraph 120 of the Complaint, City Defendants incorporate by reference their previous responses to Paragraphs 1-119 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

121. City Defendants deny the allegations contained in Paragraph 121 of the Complaint and strict proof is demanded herein.

122. City Defendants deny the allegations contained in Paragraph 122 of the Complaint and strict proof is demanded herein.

123. City Defendants deny the allegations contained in Paragraph 123 of the Complaint, and strict proof is demanded herein.

124. City Defendants deny the allegations contained in Paragraph 124 of the Complaint and strict proof is demanded herein.

125. City Defendants admit the allegations contained in Paragraph 125 of the Complaint.

126. City Defendants admit the allegations contained in Paragraph 126 of the Complaint.

127.    With respect to the allegations in Paragraph 127 of the Complaint, City Defendants admit that the individual Defendants acted pursuant to lawful policies, practices, and/or customs of the City of Chattanooga Police Department at all relevant times in connection with the incident in suit. The Defendants deny all remaining allegations.

128.    City Defendants deny the allegations contained in paragraph 128 of the Complaint, and strict proof is herein demanded.

129.    City Defendants admits, in part, and denies in part, the allegations contained in Paragraph 129 of the Complaint.  More specifically, City Defendants admit that they got involved when they were shopp9ing during break and Walmart associates asked for assistance.  However, City Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 129 of the Complaint.

130.    City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 130 of the Complaint, as such, the same is denied and strict proof is demanded herein.

131.    City Defendants deny the allegations contained in Paragraph 131 of the Complaint that there was any wrongful detention or physical abuse of Plaintiff Meyer, and strict proof is herein demanded.

132.    City Defendants deny the allegations contained in Paragraph 132 of the Complaint and strict proof is herein demanded.

133.    City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 133 of the Complaint.

134.    City Defendants deny the allegations contained in Paragraph 134 of the Complaint and strict proof is herein demanded.

135.     City Defendants deny the allegations contained in Paragraph 135 of the Complaint as stated and strict proof is herein demanded.

136.     City Defendants deny the allegations contained in Paragraph 136 of the Complaint as stated and strict proof is herein demanded.

137.     City Defendants deny the allegations contained in Paragraph 137 of the Complaint and strict proof is herein demanded.  The Defendants are without sufficient information or knowledge to admit or deny the remaining allegations.

138.     City Defendants deny the allegations contained in Paragraph 138 of the Complaint as stated and strict proof is herein demanded.

139.     City Defendants deny the allegations contained in Paragraph 139 of the Complaint and strict proof is herein demanded.

140.     City Defendants deny the allegations contained in Paragraph 140 of the Complaint and strict proof is herein demanded.

141.     City Defendants deny the allegations contained in Paragraph 141 of the Complaint and strict proof is herein demanded.

142.     City Defendants deny the allegations contained in Paragraph 142 of the Complaint and strict proof is herein demanded.

143.     City Defendants deny the allegations contained in Paragraph 143 of the Complaint and strict proof is herein demanded.

144.     City Defendants deny the allegations contained in Paragraph 144 of the Complaint and strict proof is herein demanded.

145.    With respect to the allegations contained in Paragraph 145 of the Complaint, City Defendants  incorporate by reference their previous responses to Paragraphs 1-144 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

146.    City Defendants deny the allegations contained in Paragraph 146 of the Complaint and strict proof is demanded herein.

147.    City Defendants deny the allegations contained in Paragraph 147 of the Complaint and strict proof is demanded herein

148.    With regards to the allegations contained in Paragraph 148 of the Complaint, City Defendants admit that Officers Lloyd and Simon were acting in their capacities as employees of the City of Chattanooga.

149.    City Defendants deny the allegations in Paragraph 149 of the Complaint as stated, and strict proof is herein demanded.  City Defendants are without sufficient information, such as the definition of "assistance" to admit or deny the allegations contained in Paragraph 149.

150.    City Defendants deny the allegations in Paragraph 150 of the Complaint and strict proof is herein demanded.

151.    City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph  151 of the Complaint, as such, the same is denied and strict proof is herein demanded.

152.    City Defendants deny the allegations contained in Paragraph 152 of the Complaint and strict proof is herein demanded.

153.    City Defendants deny the allegations contained in Paragraph 153, and strict proof is herein demanded.

154.     With respect to the allegations contained in Paragraph 154 of the Complaint, City Defendants incorporate by reference their previous responses to Paragraphs 1-153 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

155.     City Defendants deny the allegations contained in Paragraph 155 of the Complaint, and strict proof is herein demanded.

156.     City Defendants deny the allegations contained in Paragraph 156 of the Complaint, and strict proof is herein demanded.

157.     With respect to the allegations contained in Paragraph 157 of the Complaint, City Defendants deny that Officers Simon and Lloyd threated Plaintiff Timothy Meyer with harmful and offensive contact.  City Defendants are also without sufficient information to admit or deny the remaining allegations contained in Paragraph 157 of the Complaint and strict proof is demanded herein.

158.     City Defendants deny the allegations contained in Paragraph 158 of the Complaint, and strict proof is herein demanded.

159.     City Defendants deny the allegations contained in Paragraph 159 of the Complaint and strict proof is herein demanded.

160.     With regards to the allegations contained in Paragraph 160 of the Complaint, City Defendants admit that Officers Lloyd and Simon were acting in their capacities as employees of the City of Chattanooga when they detained and officer Simon arrested Plaintiff Timothy Meyer.

161.     City Defendants deny the allegations in Paragraph 161 of the Complaint as stated, and strict proof is herein demanded.

162. City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 162 of the Complaint and as such, the same is denied and strict proof is demanded herein. Further City Defendants deny that Plaintiff Timothy Meyer was assaulted by Officers Lloyd and Simon.

163. City Defendants deny the allegations contained in Paragraph 163 of the Complaint and strict proof is herein demanded.

164. City Defendants deny the allegations contained in Paragraph 164 of the Complaint and strict proof is herein demanded.

COUNT 4 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

165. With respect to the allegations in Paragraph 165, City Defendants incorporate by reference their previous responses to Paragraphs 1-164 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

166. City Defendants deny the allegations contained in Paragraph 166 and strict proof is herein denied.

167. City Defendants deny the allegations contained in Paragraph 168 of the Complaint. City Defendants Lloyd and Simon detained Plaintiff Timothy Meyer while Walmart security requested him to sign a trespass form and Plaintiff Timothy Meyer was arrested for multiple charges by Officer Simon.

168. City Defendants Deny the allegations contained in Paragraph 168 of the Complaint and strict proof is demanded herein.

169. City Defendants deny the allegations contained in Paragraph 169 of the Complaint and strict proof is demanded herein.

170. City Defendants deny the allegations contained in Paragraph 170 of the Complaint and strict proof is demanded herein.

171. City Defendants deny the allegations contained in Paragraph 171 of the Complaint and strict proof is demanded herein.

172. With regards to the allegations contained in Paragraph 172 of the Complaint, City Defendants admit that Officers Lloyd and Simon were acting in their capacities as employees of the City of Chattanooga.

173. City Defendants deny the allegations in Paragraph 173 of the Complaint as stated, and strict proof is herein demanded. City Defendants are without sufficient information, such as the definition of "assistance" to admit or deny the allegations contained in Paragraph 173.

174. City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 174 of the Complaint, as such the same is denied and strict proof is demanded herein.

175. City Defendants deny the allegations contained in Paragraph 175 of the Complaint, and strict proof is demanded herein.

176. City Defendants deny the allegations contained in Paragraph 176 of the Complaint and strict proof is demanded herein.

## COUNT 5 – CIVIL CONSPIRACY

177. With respect to the allegations in Paragraph 177 of the Complaint, City Defendants incorporate by reference their previous responses to Paragraphs 1-176 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

178. City Defendants deny the allegations contained in Paragraph 178 of the Complaint and strict proof is demanded herein.

179.    City Defendants deny the allegations contained in Paragraph 179 of the Complaint and strict proof is demanded herein.

180.    City Defendants deny the allegations contained in Paragraph 180 of the Complaint as written and strict proof is demanded herein.

181.    City Defendants deny the allegations contained in Paragraph 181 of the Complaint and demands strict proof herein.

182.    City Defendants deny the allegations contained in Paragraph 182 of the Complaint and demands strict proof herein.

183.    City Defendants deny the allegations contained in Paragraph 183 of the Complaint and demands strict proof herein.

COUNT 6 – FALSE ARREST AND FALSE IMPRISONMENT

184.    With respect to the allegations in Paragraph 184 of the Complaint, City Defendants incorporate by reference their previous responses to Paragraphs 1-183 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

185.    City Defendants deny the allegations contained in Paragraph 185 of the Complaint and strict proof is herein demanded.

186.    City Defendants deny the allegations contained in Paragraph 186 of the Complaint as written, and strict proof is herein demanded.

187.    City Defendants deny the allegations contained in Paragraph 187 of the Complaint and strict proof is herein demanded.

188.    City Defendants deny the allegations contained in Paragraph 188 of the Complaint, and strict proof is herein demanded.

189.    With respect to the allegations in Paragraph 189 of the Complaint, City Defendants incorporate by reference their previous responses to Paragraphs 1-188 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

190.    City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 190, as such, the same is denied and strict proof is demanded herein.

191.    City Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 191 of the Complaint, as such the same is denied and strict proof is herein demanded.

192.    City Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 192 of the Complaint, as such the same is denied, and strict proof is herein demanded.

193.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 193 of the Complaint, as such  the same is denied, and strict proof is herein demanded.

194.    City Defendants deny the allegations contained in Paragraph 194 of the Complaint, strict proof is demanded herein.

195.    City Defendants deny the allegations contained in Paragraph 195 of the Complaint and strict proof is demanded herein.

196.    All other allegations contained in the Complaint not heretofore admitted, explained, or denied are hereby specifically denied, and the Defendants demand strict proof thereof.

## THIRD DEFENSE

City Defendants deny that the City or any of its employees, including the individual Defendants, deprived the Plaintiff of any constitutional rights or in any way violated the United States Constitution, the Tennessee Constitution, 42 U.S.C. §§1983 or 1988, or any other statutory or common laws in any actions taken toward the Plaintiff.

## FOURTH DEFENSE

City Defendants submit that all of the individual Defendants enjoy qualified immunity for certain actions as police officers of the City, as they were acting at all relevant times pursuant to duly enacted laws of the City and the State of Tennessee.

## FIFTH DEFENSE

City Defendants deny that any injury claimed by the Plaintiff occurred as a result of any unconstitutional policy, practice, or custom adopted by the City or any official policymaker of the City.

## SIXTH DEFENSE

City Defendants assert that no illegal or discriminatory action was taken by them, in either their official or individual capacities, towards the Plaintiff, and no actions by them occurred as a result of any unconstitutional policy, practice, or custom adopted by the City.

## SEVENTH DEFENSE

The City states that it cannot be held liable for any damages claimed by the Plaintiff because any alleged injuries were not proximately caused by or directly related to any unconstitutional policy, practice, or custom of the City. The City asserts that the actions of the individual Defendants were objectively reasonable based upon the facts known to them at the time

and that they did not violate the Plaintiff's constitutional rights. Moreover, none of the City Defendants' actions violated any statutory or common laws of the State of Tennessee.

## EIGHTH DEFENSE

The City did not knowingly permit, encourage, or tolerate any pattern, practice, or custom of its employees violating the constitutional rights of the public at large. The City asserts that it does not have a policy, practice, or custom of allowing its employees to violate any individual's constitutional rights without fear of discipline. The City further asserts that it does not accept, condone, tolerate, acquiesce, approve, or ratify such behavior.

## NINTH DEFENSE

The City submits that it cannot be subject to punitive damages in this case as a matter of law. Any punitive damages claimed against the individual Defendants, in their individual capacities, are not supported by the facts pursuant to 42 U.S.C. § 1988 and/or 28 U.S.C. § 1927.

## TENTH DEFENSE

City Defendants specifically assert all defenses applicable to them under the Tennessee Governmental Tort Liability Act ("TGTLA"), T.C.A. §§ 29-20-101 *et seq*., and incorporate by reference herein all defenses specified therein. In particular, these Defendants rely upon the following provisions:

A.    T.C.A. § 29-20-205 sets out nine (9) specific exceptions from liability under state law claims where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

1.    T.C.A. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

2. T.C.A. § 29-20-205(2): False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights.

3. T.C.A. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

4. T.C.A. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B. T.C.A. § 29-20-307 provides for the right to trial without a jury; and

C. T.C.A. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of the date of the incident giving rise to this action.

## ELEVENTH DEFENSE

The City asserts that no state law claim may be brought against any of its employees or judgment entered against its employees for any injury proximately caused by a negligent act or omission of an employee within the scope of the employee's employment in any amount in excess of the limits established for governmental entities at T.C.A. § 29-20-403 pursuant to the provisions of T.C.A. § 29-20-310(c).

## TWELFTH DEFENSE

The City asserts that it is entitled to sovereign immunity from any liability based upon certain intentional torts and/or any negligence claims of its employees based upon the specific torts enumerated within T.C.A. § 29-20-205(2).

**THIRTEENTH DEFENSE**

The City asserts that immunity is preserved for governmental entities unless a specific exception under the TGTLA removes immunity. *See Kirby v. Macon County*, 892 S.W.2d 403 (Tenn. 1994).

**FOURTEENTH DEFENSE**

The individual Defendants are immune from liability and are not proper parties under the TGTLA for any state law act or omission for which the immunity of the governmental entity is removed by the TGTLA.

**FIFTEENTH DEFENSE**

To the extent that the Plaintiff has attempted to allege negligence claims against the Defendants, the Plaintiff is barred from recovery under a negligence theory pursuant to the doctrine of comparative fault because the Plaintiff is at least fifty (50%) percent at fault for any alleged injuries or damages that he sustained.

**SIXTEENTH DEFENSE**

City Defendants deny that any of their actions in connection with the lawful detention and arrest of the Plaintiff constituted intentional infliction of emotional distress.

**SEVENTEENTH DEFENSE**

The Complaint does not allege necessary elements for a claim under Tennessee law in that the Plaintiffs have not identified any other police officers who were aware of, or involved in an alleged conspiracy, or any express or tacit agreement to an alleged conspiracy by Officer Lloyd or Officer Simon with Walmart security employees or that any of the aforementioned officers or Walmart employees took any concerted acts in furtherance of a conspiracy, or that any alleged conspiracy by unlawful means. In order for a civil conspiracy to be established,

there must be a "combination between two or more persons to accomplish by concert an unlawful purpose, or to accomplish a purpose not in itself unlawful by unlawful means." *Dale v. Thomas H. Temple Co.,* 186 Tenn. 69, 90, 208 S.W. 2d 344, 353 (1948). City Defendants deny that the elements of   City Defendants assert that they, nor the Walmart employees had the intent to accomplish a "common purpose" or know of the other's intent. *Id.*

## <u>EIGHTEETH DEFENSE</u>

The Defendants reserve the right to assert any additional defense which their investigation or discovery reveals may apply to bar in whole or in part any of the Plaintiff's claims.

WHEREFORE, having fully answered, the Defendants pray that this cause filed against them be dismissed and that they be allowed to recover reasonable costs and attorney fees.

Respectfully Submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE

By:   s/ Phillip A. Noblett
      PHILLIP A. NOBLETT (BPR #10074)
      *Deputy City Attorney*
      KATHRYN MCDONALD (BPR #30950)
      *Assistant City Attorney*
      100 E. 11th Street, Suite 200
      Chattanooga, Tennessee 37402
      (423) 643-8250 (telephone)
      (423) 643-8255 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and exact copy of this pleading has been served on counsel for Plaintiff by depositing said pleading in the United States mail with sufficient first class postage thereon, addressed to the following:

Stephen S. Duggins, Esq.
Law Office of Stephen S. Duggins
8052 Standifer Gap Road, Suite B
Chattanooga, Tennessee 37421

Steve Elliott, Esq.
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
selliott@howell-fisher.com

This 23rd day of September, 2022.

s/ Phillip A. Noblett